UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARL FUNKHOUSER,

    Plaintiff,

v.   Case No: 8:24-cv-1985-KKM-LSG

DEION STANCIL, and GEICO
GENERAL INSURANCE COMPANY,

    Defendants.

_____

## ORDER

Darl Funkhouser brings this bad faith insurance action against GEICO after a Florida jury awarded him damages in excess of his policy limits. Am. Compl. (Doc. 1-2) ¶¶ 9–17. GEICO removed the action to federal court and moves to dismiss co-defendant Deion Stancil, a GEICO insurance claims adjuster, as fraudulently joined. Notice of Removal (Doc. 1); Mot. to Dismiss Fraudulently Joined Def. (Doc. 9). Funkhouser moves to remand. Mot. to Remand (Doc. 15).

Because Funkhouser's filings fail to comply with the Local Rules, his motion to remand is denied and GEICO's motion to dismiss Stancil is granted. Funkhouser's motion to remand fails to comply with Local Rule 3.01(a), which requires that a motion include "a legal memorandum supporting the request." Funkhouser's motion lacks a memorandum of

law and is devoid of any citations supporting his requested relief. His motion is therefore denied for failure to comply with the Local Rules. *See Restorative Care of Am., Inc. v. Josloff*, No. 8:22-CV-1404-KKM-AEP, 2023 WL 2413816, at *1 (M.D. Fla. Mar. 8, 2023); *Bryan v. Countrywide Home Loans*, No. 8:08-CV-794-T-23EAJ, 2008 WL 4790660, at *2 (M.D. Fla. Oct. 27, 2008). Conversely, because Funkhouser fails to respond to GEICO's motion to dismiss Stancil, that motion is granted as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed."); *Dero Roofing, LLC v. Triton, Inc.,* No. 2:21-CV-688-SPC-MRM, 2022 WL 2104287, at *2 (M.D. Fla. June 10, 2022) ("[The opposing party] has not responded to the motion . . . , and under Local Rule 3.01(c), the Court may simply grant the motion as unopposed.").[1]

---

[1] Even if Funkhouser had responded, Stancil is not a proper defendant. To defeat a motion to dismiss a defendant for fraudulent joinder, a plaintiff must show "a possibility of stating a valid cause of action" against that defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Yet Funkhouser's only claim is for "insurance bad faith and unfair claims settlement practices" under § 624.155(b)(1) and (b)(3) and § 626.9541(1)(i), Florida Statutes. Am. Compl. at 5. That claim arises under a private right of action that provides that "[a]ny person may bring a civil action against an *insurer*" for violation of those provisions. § 624.155(1), Fla. Stat. (emphasis added). By its terms, that private right of action extends only to claims against insurers, not non-insurer employees like Stancil. *See Bortell v. White Mountains Ins. Grp., Ltd.*, 2 So. 3d 1041, 1046 (Fla. 4th DCA 2009) ("[U]nder section 624.155(2), a party may make a claim against an *insurer*, not an individual." (emphasis original)); *Harris v. Geico Gen. Ins. Co.*, No. 11-80552-CIV, 2011 WL 13115559, at *2 (S.D. Fla. Aug. 9, 2011) ("An insurance adjuster is not typically in a contractual relationship with the insured that would give rise to a cause of action for bad faith."); *Gonzalez v. State Farm Mut. Auto. Ins. Co.*, No. 06-CIV-20788, 2006 WL 8433552, at *3 (S.D. Fla. Aug. 21, 2006) ("According to the plain language of [§ 624.155, Florida Statutes], an insured may only bring a civil action under the statute against an insurer who is party to the insurance contract, and therefore may not bring a civil action against an insurance adjuster who is not party to the insurance contract."); *see also Buell v. Direct Gen. Ins. Agency, Inc.*, 267 F. App'x 907, 909–10 (11th Cir. 2008) (per curiam) (explaining that a

I am also independently satisfied that I have subject-matter jurisdiction sufficient to support removal. A defendant in a civil action may remove a case to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a); *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Federal courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Those requirements are satisfied here, so this case could have been brought in federal court originally. With Stancil dismissed, the parties are completely diverse—the evidence shows that Funkhouser is a citizen of Florida, while GEICO is a citizen of Nebraska and Maryland. *See Peers v. Brown*, No. 8:20-CV-1619-MSS-AEP, 2021 WL 4173857, at *2 (M.D. Fla. Aug. 6, 2021) (considering residence, driver's license state, and other facts to determine a natural person's domicile), *aff'd*, 2023 WL 3613667 (11th Cir. May 24, 2023); (Doc. 1-5) at 2–3 (reflecting that Funkhouser lives in Lutz, Florida, has a Florida driver's license, and has registered his car in Florida); (Doc. 1-7) at 1 (indicating that GEICO is incorporated in Nebraska and has its principal place of business in Maryland). As Funkhouser seeks to recover at least $425,504.28 from GEICO on his bad-faith claim, the

---

remedy is available for violations of the Florida Unfair Insurance Trade Practices Act only as expressly provided by statute (citing § 624.155(1)(a), Fla. Stat.)). As there is no plausible basis for concluding that Stancil, an insurance adjustor, was an insurer, there is no possibility that Funkhouser can state a valid bad faith insurance claim against him.

3

amount-in-controversy requirement is also satisfied. Am Compl. ¶ 9; *id.* at 9; (Doc. 1-4) at 2. I thus have subject matter jurisdiction sufficient to support removal.

Accordingly, the following is **ORDERED**:

1. Defendant GEICO General Insurance Company's motion to dismiss Deion Stancil as fraudulently joined (Doc. 9) is **GRANTED**.

2. The clerk is directed to **TERMINATE** Deion Stancil as a defendant in this case.

3. Plaintiff Darl Funkhouser's motion to remand (Doc. 15) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 13, 2024.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge